CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 24 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| CINCINNATI CASUALTY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:12CV00059 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TMO GLOBAL LOGISTICS, LLC, et al., | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendants. | ) | |

Cincinnati Casualty Company ("Cincinnati") filed this interpleader action, pursuant to 28 U.S.C. § 1335, seeking to determine the proper distribution of the proceeds of a $10,000 property broker's surety bond. Cincinnati has moved for an award of attorney's fees and costs to be paid from the bond proceeds. For the following reasons, the motion will be denied.

## Background

At all times relevant to the instant action, TMO Global Logistics, LLC ("TMO") was a property broker that arranged for the transportation of goods by motor carriers. In accordance with federal law, TMO obtained a surety bond in the amount of $10,000 from Cincinnati. See 49 U.S.C. § 13906(b); 49 C.F.R. § 387.307(a) ("A property broker must have a surety bond or trust fund in effect for $10,000."). The bond is intended to "ensure the financial responsibility of the broker by providing for payments to shippers or motor carriers if the broker fails to carry out its contracts, agreements, or arrangements for the supplying of transportation by authorized motor carriers." 49 C.F.R. § 387.307(b).

TMO subsequently failed to make payments for shipments that it arranged for motor carriers to transport. Multiple entities filed claims with Cincinnati to recover under the surety bond. The claims totaled $103,499.15.

On October 22, 2012, Cincinnati filed this interpleader action to resolve the claims and satisfy its obligations under the bond. Cincinnati deposited $10,000.00 into the registry of the court, and asked the court to distribute the proceeds to the motor carriers that filed valid claims.

Of the motor carriers that were named as defendants, only two motor carriers -- Landstar Ranger, Inc.[1] ("Landstar") and Jowin Express, Inc. ("Jowin") -- timely and properly responded to the complaint and filed claims against the interpled funds. Landstar asserts that it is owed $5,600.00 and Jowin asserts that it is owed $18,554.15.

The case is presently before the court on Cincinnati's motion for attorney's fees and costs. Cincinnati requests that an award of attorney's fees and costs in the amount of $2,000.00 be paid from the bond proceeds deposited with the court. Landstar and Jowin oppose the motion. The court conducted a hearing on the motion via teleconference on September 20, 2013.

## Discussion

A federal court has the discretion to award attorney's fees and costs to the stakeholder in an interpleader action when it is fair and equitable to do so. See Sun Life Assurance Co. v. Grose, 466 F. Supp. 2d 714, 717 (W.D. Va. 2006); Weber v. Rivanna Solid Waste Auth., No. 3:98CV0109, 2001 WL 1516737, 2001 U.S. Dist. LEXIS 19644, at *5-6 (W.D. Va. Nov. 27, 2001). However, because the fees and costs are taken out of the deposited fund, "such fees and

---

[1] Landstar Ranger, Inc. is misidentified in the complaint as Landstar System, Inc. The docket shall be amended to reflect this defendant's correct name.

2

costs are not granted as a matter of course." Grose, 466 F. Supp. 2d at 717. In exercising its equitable discretion, the court must balance the rights of the stakeholder against the rights of the beneficiaries of the fund. See Frontier Ins. Co. v. Mission Carrier, Inc., No. 91-5151, 1992 WL 209299, 1992 U.S. Dist. LEXIS 12904, at *7 (D. N.J. Aug. 24, 1992).

Having considered the parties' arguments, the applicable case law, and the particular circumstances of this case, the court declines to award attorney's fees and costs to Cincinnati. Unlike many interpleader actions, the bond fund at issue in this case was required by federal law. The clear intent of the applicable statute and regulations is to provide at least $10,000 of protection to motor carriers in the event that a licensed property broker fails to carry out its contractual obligations. See 49 C.F.R. § 387.307(b); see also RLI Transp. Co., 608 F.3d 848, 849 (D.C. Cir. 2010) ("Federal regulations require brokers to obtain a surety bond – akin to a guarantee – in the amount of $10,000. Therefore, if a broker does not pay a trucker, the surety does so, at least up to $10,000.").

Landstar and Jowin argue that reducing the bond proceeds to pay the surety's legal expenses would frustrate the intent of the statutory and regulatory provisions. The defendants' argument has been adopted by other courts faced with identical bonds, and this court also finds it persuasive. See Frontier Ins. Co., 1992 WL 209299, 1992 U.S. Dist. LEXIS 12904, at *13; United States Fid. & Guar. Co. v. Faith Transp. Servs., Inc., No. 88-782-N, slip op. at 4 (E.D. Va. Feb. 8, 1990); Washington Int'l Ins. Co. v. AGS Enters., Inc., No. 3:87-0682, slip op. at 6 (M.D. Tenn. Apr. 14, 1989). In sum, the court concludes that granting Cincinnati's request for attorney's fees and costs would be inappropriate, since it would effectively deprive the claimants of the protection to which they are entitled under federal law.

Additionally, courts in this circuit have declined to award attorney's fees when the amount requested would "drain a substantial portion of the total fund." Lewis v. Alt. Research Corp., No. 98-0070, 1999 WL 701383, 1999 U.S. Dist. LEXIS 13569, at *22 (W.D. Va. Aug. 30, 1999) (denying a stakeholder's request for attorney's fees that would deplete nearly ten percent of the available benefits); see also Mfrs. Life Ins. Co. v. Johnson, 385 F. Supp. 852, 854-55 (E.D. Va. 1974) (denying an insurer's request for $1,250 in attorney's fees from a $7,000 fund). In this case, Cincinnati's request, if granted, would deplete twenty percent of the bond proceeds. Given the small amount available for distribution, the court is of the opinion that granting this request would "defeat the purpose of an interpleader action by essentially diminishing [the] fund to finance litigation calculated to preserve the very fund for the proper recipient[s]." Johnson, 385 F. Supp. at 854-55.

For the reasons stated, the court concludes that Cincinnati's motion for attorney's fees and costs must be denied.[2] The Clerk is directed to send certified copies of this order to the defendants and all counsel of record.

ENTER: This 24th day of September, 2013.

_____
Chief United States District Judge

---

[2] The court notes that Cincinnati is not without a remedy. The record indicates that it can pursue a claim for indemnification for the attorney's fees and other expenses that it sustained by reason of having served as surety for TMO.